1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH NEALE, JR..                        No.  1:17-cv-01492-JLT (HC)

12                 Petitioner,               **ORDER DIRECTING CLERK OF COURT**
                                             **TO ASSIGN DISTRICT JUDGE**
13         v.
                                             **FINDINGS AND RECOMMENDATION**
14   STU SHERMAN, Warden,                     **TO SUMMARILY DISMISS PETITION**

15                 Respondent.               **[TWENTY-ONE DAY OBJECTION**
                                             **DEADLINE]**
16

17

18         Petitioner filed a petition for writ of habeas corpus on November 6, 2017.  The petition

19   does not challenge the underlying conviction but presents various claims concerning the

20   conditions of his confinement. Because habeas corpus is not the proper avenue for seeking relief

21   for conditions of confinement, the Court will recommend the petition be DISMISSED.

22                                    **DISCUSSION**

23   A.    Preliminary Review of Petition

24         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

B.    <u>Civil Rights Claims</u>

Petitioner does not challenge his conviction.  He claims that he is a mobility-impaired inmate, and he is not being provided a seated walker, a seat cushion, and a double mattress.  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499.  Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for his complaints by way of a civil rights action.

In <u>Nettles</u>, the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983.  <u>Nettles v. Grounds</u>, 830 F.3d 922, 936 (9th Cir. 2016).  However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  <u>Id</u>.  Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

The Court ORDERS that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED

2

and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated: __November 11, 2017__          ___/s/ Jennifer L. Thurston___
                                        UNITED STATES MAGISTRATE JUDGE